**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geofry Bussen,<br><br>          Plaintiff,<br><br>v.<br><br>North Pointe Insurance Company, *et al.*,<br><br>          Defendants. | No. CV-20-00486-PHX-JJT<br><br>**ORDER** |

       At issue is Defendants Sedgwick Claims Management Services, Inc.'s and Shanna Garrett's Motion to Dismiss Plaintiff's Complaint (Doc. 12, MTD) to which Plaintiff Geofry Bussen filed a Response (Doc. 21, Resp.), and Defendants filed a Reply (Doc. 23, Reply). In this Order, the Court will also resolve Plaintiff's Motion for Leave to File First Supplemental Complaint (Doc. 38), to which Defendants filed a Response (Doc. 40). The Court resolves these Motions without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

       In the Complaint (Doc. 1, Compl.), Plaintiff alleges the following: Plaintiff was an employee at Launch Technical Workforce. On or about January 15, 2019, he was moving a heavy box and suffered injury. (Compl. ¶ 9.) He subsequently filed a workers' compensation claim with Defendant North Pointe Insurance Company ("North Pointe"), the carrier that issued his workers' compensation policy. (Compl. ¶ 10.) Defendant Sedgwick Claims Management Services ("Sedgwick") is the third-party administrator of this workers' compensation coverage. (Compl. ¶ 4.) The claim was assigned to Defendant

Shanna Garrett, an individual policy adjuster, for processing and handling. (Compl. ¶ 10.) The insurance carriers denied Plaintiff's claim. (Compl. ¶ 10.)

Plaintiff alleges that while evaluating his insurance claim, Defendants failed to properly investigate his claim and, without reasonable basis or investigation, denied payment of the insurance benefits he was owed.

Plaintiff then initiated proceedings before the Industrial Commission of Arizona. Subsequently, North Pointe, Sedgwick, and Garrett reversed their denial on August 20, 2019. Plaintiff claims that because of the initial denial of his workers' compensation claim, he has suffered financial harm as well as additional physical harm stemming from delayed medical treatment. While the Industrial Commission of Arizona retained jurisdiction to determine the benefits payable under the Arizona Workers' Compensation Act, Plaintiff now seeks relief in this Court for the harm caused by the initial denial of his workers' compensation claim.

In addition to a claim Plaintiff has raised against North Pointe alleging breach of the duty of good faith and fair dealing, Plaintiff also claims that both Sedgwick and Garrett aided and abetted North Pointe's breach of its duties. Additionally, Plaintiff seeks punitive damages, alleging that Defendants acted intentionally, fraudulently, and with malice.

The Court now resolves Sedgwick's and Garrett's Motion to Dismiss Plaintiff's claim of aiding and abetting and prayer for punitive damages.

## II.   LEGAL STANDARD

A dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a). The complaint must thus contain "sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

### A. Aiding & Abetting

Under Arizona law, "claims of aiding and abetting tortious conduct require proof of three elements: (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Temple v. Hartford Ins. Co. of Midwest*, 40 F. Supp. 3d 1156, 1170 (D. Ariz. 2014) (citing *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002), *as corrected* (Apr. 9, 2002)). The party charged with aiding and abetting must have knowledge of the underlying tortious violation, and knowledge can be inferred from the circumstances. *Id.*

In this case, taking Plaintiff's factual allegations to be true, the question of whether Plaintiff's aiding and abetting claims against Sedgwick and Garrett are viable hinges on the third element: whether Sedgwick and Garrett substantially assisted or encouraged North Pointe's alleged breach of the duty of good faith and fair dealing. Specifically, the issue is whether Plaintiff's aiding and abetting claim is viable when it arises from the same actions upon which the principal tort is based.

The parties have presented case law both allowing and disallowing an aiding and abetting claim against a third-party insurance administrator such as Sedgwick and an individual insurance adjuster such as Garrett. No case is clearly controlling in this instance. *See Lambert v. Liberty Mut. Fire Ins. Co.*, No. CV-14-00521-JWS, 2014 WL 5432154, at *3 (D. Ariz. Oct. 24, 2014) ("Although federal courts in this district have consistently held

that Arizona law would permit a claim against an adjuster [or third party administrator] for aiding and abetting an employer's bad faith, no conclusive Arizona case law exists.").

Assuming aiding and abetting claims against a third-party administrator or an individual adjuster are viable in Arizona, "the plaintiff must still show the elements of a *separate tort* by the third-party administrator or adjuster against whom the claim of aiding and abetting is being alleged." *Lemaster v. Hartford Ins. Co. of the Midwest*, No. CV-13-02017-PHX-JJT, 2016 WL 705125, at *10 (D. Ariz. Feb. 23, 2016). The *Lemaster* case, in which this Court granted summary judgment against a plaintiff alleging aiding and abetting claims against an individual insurance adjuster, is joined by numerous recent cases in this District that reinforce the determination that a separate action is required. *Id.; see also Rosso v. Liberty Ins. Co.*, CV-00860- PHX-DLR, 2016 WL 4013614, at *2 (D. Ariz. July 27, 2016) (holding that because the plaintiff did not allege any separate tortious conduct committed by the defendants in the plaintiff's aiding and abetting claim, the plaintiff failed to state a claim for relief); *Ortiz v. Zurich Am. Ins. Co.*, No. CV-13-02097-PHX-JAT, 2014 WL 1410433, at *3 (D. Ariz. April 11, 2014) ("There must be some factual allegation showing [the secondary tortfeasor] took separate action in concert with the action giving rise to [the plaintiff's] claim against the [primary tortfeasor]. . . . Because Plaintiff alleges the same actions give rise to both the bad faith claim and the aiding and abetting claim, Plaintiff has failed to state a claim against [Defendant]."); *Jones v. Colo. Cas. Ins. Co.*, No. CV 12-1968-PHX-JAT, 2013 WL 4759260, at *3 (D. Ariz. Sept. 4, 2013) (same); *Young v. Liberty Mut. Grp., Inc.,* No. CV-12-2302-JAT, 2013 WL 840618, at *3–4 (D. Ariz. Mar. 6, 2013) (same).

Here, Plaintiff alleges in his Complaint that, as a result of denying his insurance claim, Sedgwick and Garrett aided and abetted North Pointe in breaching the duty of good faith and fair dealing. However, Plaintiff has not alleged any additional facts showing that either Sedgwick or Garrett engaged in tortious conduct that aided or abetted the breach of duty, aside from denying his claim. Instead, he has claimed the denial of his insurance claim as the basis of both the breach of duty of good faith and fair dealing and aiding and

abetting claims. Plaintiff's allegations are thus insufficient to state a claim for aiding and abetting against Sedgwick and Garrett.

The Court is not persuaded to the contrary by the cases Plaintiff cites in his Response (Resp. at 6). Additionally, the majority of the cases that Plaintiff lists rely on analysis provided by one case: *Chalpin v. Snyder,* 207 P.3d 666 (Ariz. Ct. App. 2008). In *Chalpin*, the Arizona Court of Appeals reversed the trial court's granting of a motion to dismiss the plaintiff's claim of abetting and abetting against the defendant, an attorney representing an insurance company. *Id. Chalpin* is distinguishable from the present case because the plaintiff there "alleged two separate tortious acts: (1) bad faith against the insurer, and (2) malicious prosecution against the attorney, which aided the insurer's alleged bad faith." *Rosso,* 2016 WL 4013614, at *2. Accordingly, the list of cases provided by Plaintiff, which follow the "logic" in *Chalpin*, are unpersuasive in this instance.

Plaintiff also notably relies on *Lipsky v. Safety National Casualty Corp.* to argue against the determination that a separate and distinct action is necessary for an aiding and abetting claim to be viable. *Lipsky v. Safety Nat'l Cas. Corp.*, 2017 WL 443525 (Ariz. Ct. App. Feb. 2, 2017). But the *Lipsky* opinion—which is unpublished and therefore not precedential under the Arizona state court rules—did not even discuss whether there was any separate conduct on behalf of the insurance adjuster to assist or encourage the principal defendant's breach of duty. *Id.* Further, the decision in *Lipsky* relied solely on the analysis of *Chalpin*. *Id.* Because the analysis in *Lipsky* merely glosses over the primary issue before the Court, it is also unpersuasive.

As a result, the Court finds that Plaintiff has failed to state a claim showing that Sedgwick and Garrett engaged in separate conduct that substantially assisted or encouraged North Pointe in allegedly breaching the duty of good faith and fair dealing. Thus, the Court will grant Sedgwick's and Garrett's Motion to Dismiss the aiding and abetting claim filed against them.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before his claims are dismissed with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

2000). In his Response, Plaintiff neither identified any additional factual allegations nor requested leave to amend, and it does not appear that amendment can cure Plaintiff's aiding and abetting claims against Sedgwick and Garrett. Accordingly, the Court will dismiss the claims with prejudice.

### B.     Punitive Damages

Plaintiff alleges that Sedgwick and Garrett are liable for punitive damages. Of course, Plaintiff's ability to recover punitive damages from Sedgwick and Garrett is predicated on the viability of Plaintiff's aiding and abetting claim. Without such a claim, the prayer for punitive damages also fails.

### C.     Motion to Amend

Plaintiff also filed a "Motion for Leave to File First Supplemental Complaint" (Doc. 38), seeking to add allegations to the Complaint of actions North Pointe took subsequent to those already in the Complaint and up until the June 2020 authorization of surgery, which actions Plaintiff contends further demonstrate bad faith on North Pointe's part. North Pointe opposes the Motion, asserting it is untimely and prejudicial.

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, *inter alia*, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the

"amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

While a party may still amend a pleading after the deadline set in a Scheduling Order, Fed. R. Civ. P. 16 dictates that "[a] schedule may be modified only for good cause and with the judge's consent." Thus, once a deadline for amended pleadings has passed, the Court may consider whether amendment would be proper under Rule 15 only after a party has shown good cause under Rule 16. Under the Rule 16 "good cause" standard, "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Here, Plaintiff represented to the Court at the Rule 16 scheduling conference that he did not intend to amend the Complaint, and thus no deadline for amendment was set. (Doc. 37.) Plaintiff's present request to amend comes after the scheduling conference. With regard to Rule 16's good cause standard, Plaintiff argues that he did not discover the additional allegations he would like to add until he reviewed Defendants' initial disclosures, which was after the scheduling conference. While the Court understands that parties may uncover new information in discovery, the Court could also find that the act of stipulating not to amend a pleading before reviewing the opposing side's initial disclosures itself constitutes a lack of diligence. That said, the allegations Plaintiff proposes to add are not substantially different from those already in the Complaint, but rather simply extend the time frame regarding actions North Pointe took. The prejudice to North Pointe is therefore minimal. Likewise, North Pointe has not demonstrated that the additional allegations would be futile or are otherwise infirm under Rule 15.

Accordingly, the Court will allow Plaintiff to amend the Complaint, but the amendment is limited to adding factual allegations of actions taken by North Pointe up to the June 2020 authorization of surgery and related only to the breach of the duty of good faith and fair dealing claim (and associated punitive damages claim, if applicable) against North Pointe. Indeed, considering the Court's conclusions above, any Amended Complaint must not include the claims of aiding and abetting and punitive damages against Sedgwick and Garrett. Further, the amended pleading must be titled "Amended Complaint," not "Supplemental Complaint" as proposed by Plaintiff. In this District, each case has only one operative complaint at a time, and supplements are thus not permitted.

**IT IS THEREFORE ORDERED** granting Defendants Sedgwick Claims Management Services, Inc.'s and Shanna Garrett's Motion to Dismiss Plaintiff's Complaint (Doc. 12). Plaintiff's claims against Sedgwick and Garrett are dismissed with prejudice. Plaintiff's claims against Defendant North Pointe Insurance Company remain pending.

**IT IS FURTHER ORDERED** granting in part Plaintiff's Motion for Leave to File First Supplemental Complaint (Doc. 38). Plaintiff is limited to the amendments described in this Order, and Plaintiff shall file the Amended Complaint by March 10, 2021.

Dated this 1st day of March, 2021.

Honorable John J. Tuchi
United States District Judge